Smith, J.
Two of the judges who heard this case are of the opinion that the verdict of the jury was manifestly against the weight of the evidence, and that for this reason a new trial should have been granted. The evidence, in our judgment, clearly showed negligence on the part of the defendant company *495 in the managiment of the car, at and before the time of the derailment thereof, by reason of which negligence the car ran off the track, and ran across the street and against the curb stone, thereby causing the injury to the plaintiff, There was an utter disregard by those in charge of the car of several of the clear and explicit rules of the company, and the disregard of which, in all probability, produced and brought about the result complained of.
Bamsey, Maxioell & Bamsey, -for Plaintiff in Error.
Miller Outcalt, for Defendant in Error,
In the second place, 'the testimony does not show that the plaintiff, by his negligence, contributed to his own injury. It is true that at the time he was hurt, he was standing upon the rear platform of the car. But this was with the full knowledge of the conductor, who had no objection thereto. And the fact that he was occupying that position under the circumstances disclosed, even If it be conceded that he was negligent in doing so, was not the proximate cause of the injury received by him. The proximate cause of the derailment of the car and the consequent injury to the plaintiff, was the negligence of those in charge of the car before spoken of. His being where he was, was merely a condition, and in no sense a cause of the derailment or of the injury. Being there, he would, of course, assume the risk of such injury as might naturally or reasonably be 'expected to happen to him while the car was being run upon the track, as of being jolted from the step or the platform, or of injury by collision' with teams, vehicles or other obstructions upon the highway, but not of those produced in this case.
Street Railway Co. v. Bondrow, 2 Am. & Eng. R. R. Cases, 30; Railway Co. v. Schwartz, 8 C. C. Rep., 482.